Eric D. MUDGE, Appellant

v.

Tracie MUDGE Now Walter, Appellee.

Superior Court of Pennsylvania.

Argued Aug. 24, 2010.

Filed Oct. 8, 2010.

Reargument Denied Nov. 24, 2010.

Sherry A. Dalessandro, Wilkes–Barre, for appellant.

Richard Hallock, Scranton, for appellee.

BEFORE: BENDER, GANTMAN and FREEDBERG, JJ.

OPINION BY BENDER, J.:

Eric Mudge ("Father") appeals from the denial of his petition to modify the custody order with respect to the primary custody of his minor daughter, B.M. ("Child") (age 12). We affirm.

Child's Mother, Tracie Mudge ("Mother"), has primary physical custody of Child, while Father has primary physical custody of the parties' two older sons, who are 15 and 17 years of age. This Court has previously addressed a petition by Father for primary custody of Child as recently as April 21, 2008, when we affirmed the underlying custody order of the trial court. *See Mudge v. Mudge,* 1431 MDA 2007, 953 A.2d 848, unpublished memorandum (Pa.Super. filed April 21, 2008).

On November 18, 2008, Father filed a petition for primary custody, alleging that the best interests and permanent welfare of Child will be served by amending the existing custody order. Following several continuances, a custody hearing was scheduled for July 10, 2009. At the hearing, the trial court instructed Father to file a more specific petition to modify custody within 20 days. Father failed to file an amended petition within 20 days; however, he filed a petition on August 13, 2009. Following several more continuances, the trial court held a hearing on Father's petition on November 18, 2009.

In an order entered on November 25, 2009, the trial court denied Father's custody petition. On December 23, 2009, Father filed a timely notice of appeal from the trial court's order. However, Father failed to file a concise statement of errors complained of on appeal along with his notice of appeal as required by Pa.R.A.P. 1925(b). Pursuant to the newly-adopted provision governing children's fast track appeals, set forth at Pa.R.A.P. 1925(a)(2)(i), an appellant is required to file a concise statement with the notice of appeal and serve it upon the trial court in compliance with Pa.R.A.P. 1925(b)(1). Despite this procedural misstep, we decline to

find that Father waived his issues on appeal. *See In re K.T.E.L.*, 983 A.2d 745 (Pa.Super.2009) (stating that the failure to file a concise statement of errors complained of on appeal with the notice of appeal will result in a defective notice of appeal, to be disposed of on a case by case basis.).

On January 21, 2010, this Court entered a *per curiam* order directing Father to file a Rule 1925(b) statement by February 1, 2010. The order specifically directed Father to (1) file a Rule 1925(b) statement in the trial court; (2) serve a copy of the statement on the trial judge and pertinent parties; and (3) file a copy of the statement with the Prothonotary of the Superior Court. *See* Superior Court Order, 1/21/10, at 1.

The record reflects that Father filed a copy of a Rule 1925(b) statement with the Superior Court Prothonotary. However, Father failed to file a Rule 1925(b) statement in the trial court. The trial court's docket sheet bears no indication that Father filed a Rule 1925(b) statement, nor is one included in the certified record. Accordingly, as a result of his failure to comply with a direct order from this Court, we are constrained to find Father's claims on appeal waived. *See J.M.R. v. J.M.*, 1 A.3d 902 (Pa.Super.2010) (stating that a failure to comply with a direct order from the Superior Court to file a Rule 1925(b) statement in the trial court results in waiver of the issues on appeal).

Order affirmed.

Judge GANTMAN concurs in the result.