J. A15015/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.H.C., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 3699 EDA 2015 |
| | : | |
| C.G.C.-F. | : | |

Appeal from the Order Entered November 23, 2015,
in the Court of Common Pleas of Philadelphia County
Domestic Relations Division at No. 008901864

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 20, 2016**

C.H.C. ("Father") appeals from the order entered November 23, 2015, in the Court of Common Pleas of Philadelphia County, Domestic Relations Division, denying his petition to set aside paternity of the subject child, C.C. ("Child"), born in September of 1984.[1]  After review, we affirm.

On September 1, 2015, Father filed a petition to set aside paternity, arguing that he was drunk and under duress at the time he signed the birth certificate for Child, now 31 years old.[2]  (Petition to set aside paternity, 9/1/15.)  Father averred that he not only made the court aware of this on

---

[1] Child's mother, C.G.C.-F. ("Mother"), while a party, failed to file a brief in connection with Father's instant appeal and, as a result, was precluded from oral argument.

[2] Father appears to be arguing that he can still pursue this case because of a fraud perpetrated on him by Mother at Child's birth.

several occasions, but previously made a request during the pendency of the custody matter before the Honorable Steven Levin for a paternity test, which was denied. (*Id.*) Father further indicates appearing subsequently before two other judges who also denied requests for paternity testing. (*Id.*)

Of note, a review of the record reveals that, in 2005, Father previously filed a petition for modification of an existing support order, requesting to remit all arrears, as well as a petition to contest/vacate order of paternity. Both petitions were denied by order dated July 12, 2005.[3] (Order, 1/12/16.)

The trial court held a hearing on Father's petition to set aside paternity on November 23, 2015. At the hearing, counsel for Father at the time presented argument on Father's behalf.[4] Counsel asserted that Father was informed in 1987 that Child was not his. (Notes of testimony, 11/23/15 at 5.) Father requested a paternity test, which was denied by Judge Levin.[5]

---

[3] As there was no signed copy of the July 12, 2005 order in the court record, an order dated January 12, 2016 memorialized this prior order. (Order, 1/12/16.)

[4] Only argument was presented at the November 23rd hearing. No testimony was taken and/or offered. (Notes of testimony, 11/23/15 at 3-7.)

[5] As indicated by the trial court:

> Counsel had no copy of the order of Judge Levin, nor any copy of the notes of testimony; nor has any copy of such an order been located in the record retrieved from the archives. Any such matter before Judge Levin would have occurred in the 1990s, as no entries in the archived court record show any involvement of Judge Levin after 1994.

Trial court opinion, 1/14/16 at 2 (footnote omitted).

(**Id.**)  However, as the law has now changed, and there is no intact family to protect, counsel argued the request for a paternity test was now proper. (**Id.**)  As counsel stated,

> He had a conversation with the biological father and he was told at that time that [Child] was not his.  He did ask for a paternity test from Judge Levin, but[,] at that time[,] the law was such that there was paternity by estoppel and he was prevented from getting a test.[6]  Fortunately, the law is changed now and there is no intact family to protect[,] so the request now for a paternity test, I believe, is proper.

*Id.*

By order dated November 23, 2015, the trial court denied Father's petition on the bases of lack of jurisdiction, **res judicata**, and estoppel. (Order, 11/23/15.)  On December 15, 2015, Father filed a notice of appeal, **pro se**.[7]  Father did not file a contemporaneous concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), as required.[8]  However, on December 17, 2015, this court ordered

---

[6] As noted by the trial court, "Presumably, when counsel argued that Judge Levin denied the request on the basis of estoppel, counsel was referring to the presumption of paternity of a child born during a marriage." (**Id.**)

[7] Counsel subsequently entered his appearance on behalf of Father.

[8] In children's fast track matters, such as this matter, a concise statement of errors complained of on appeal is required to be submitted with the notice of appeal.  Pa.R.A.P. 1925(a)(2)(i).

Father to file a statement no later than December 28, 2015. Father

complied, and filed a statement on December 23, 2015.[9]

We review the trial court's order with regard to paternity for an abuse

of discretion or error of law. ***Vargo v. Schwartz***, 940 A.2d 459, 462

(Pa.Super. 2007). ***See also Barr v. Bartolo***, 927 A.2d 635, 639 (Pa.Super.

2007). With regard to this standard, we have stated:

> An abuse of discretion exists if the trial court has
> overridden or misapplied the law, or if there is
> insufficient evidence to sustain the order. Moreover,
> resolution of factual issues is for the trial court, and
> a reviewing court will not disturb the trial court's
> findings if they are supported by competent
> evidence. It is not enough [for reversal] that we, if
> sitting as a trial court, may have made a different
> finding.

***Vargo***, 940 A.2d at 462 (citation omitted).

We note at the outset in the instant matter, the trial court states in its

opinion submitted pursuant to Pennsylvania Rule of Appellate

Procedure 1925(a)(1) as follows:

> [Father's] Motion to Set Aside Paternity is barred by
> the statute of limitations, depriving the court of
> jurisdiction over same, as well as by the doctrine of
> res judicata. The doctrine of estoppel would also

---

[9] As Father complied with this court's order, we do not penalize him. ***See In re K.T.E.L.***, 983 A.2d 745 (Pa.Super. 2009) (failure to file a Rule 1925(b) statement concurrently with a children's fast track appeal is considered a defective notice of appeal, to be disposed of on a case-by-case basis, and will not be dismissed since failure to file the statement is a violation of a procedural rule); ***cf. Mudge v. Mudge***, 6 A.3d 1031 (Pa.Super. 2011), and ***J.M.R. v. J.M.***, 1 A.3d 902 (Pa.Super. 2010) (failure to file a Rule 1925(b) statement of errors complained of on appeal, when ordered by the Superior Court, will result in a waiver of all issues on appeal).

apply for Appellant's having waited so long to file this action despite reportedly doubting his paternity, but the clear effect of res judicata and lack of jurisdiction obviate the need for discussion of that issue. Hence, the order of the trial court merits affirmation on appeal.

*Id.* at 5. Upon review, we are constrained to agree.

The analysis required for a legal determination of paternity has been summarized as follows:

[F]irst, one considers whether the presumption of paternity applies to a particular case. If it does, one then considers whether the presumption has been rebutted. Second, if the presumption has been rebutted or is inapplicable, one then questions whether estoppel applies. Estoppel may bar either a plaintiff from making the claim or a defendant from denying paternity. If the presumption has been rebutted or does not apply, and if the facts of the case include estoppel evidence, such evidence must be considered. If the trier of fact finds that one or both of the parties are estopped, no blood tests will be ordered.

*Brinkley v. King*, 701 A.2d 176, 180 (Pa. 1997). *See also N.C. v. M.H.*, 923 A.2d 499, 502-503 (Pa.Super. 2007); *Fish v. Behers*, 741 A.2d 721, 723 (Pa. 1999); *Strauser v. Stahr*, 726 A.2d 1052, 1055 (Pa. 1999).

Under the law of presumptive paternity, "[G]enerally, a child conceived or born during the marriage is presumed to be the child of the marriage; this presumption is one of the strongest presumptions of the law of Pennsylvania; and the presumption may be overcome by clear and convincing evidence. . . ." *Brinkley*, 701 A.2d at 179. This presumption, however, applies only where the underlying policy of the presumption, *i.e.*,

- 5 -

to preserve marriages, would be advanced by its application. *Id.* at 181.

*See also Fish*, 741 A.2d at 723; *Strauser*, 726 A.2d at 1055; *B.S. v. T.M.*,

782 A.2d 1031, 1035 n.3 (Pa.Super. 2001).

Turning to paternity by estoppel, this doctrine has been defined as

follows:

> Estoppel in paternity actions is merely the legal determination that because of a person's conduct (e.g., holding out the child as his own, or supporting the child) that person, regardless of his true biological status, will not be permitted to deny parentage, nor will the child's mother who has participated in this conduct be permitted to sue a third party for support, claiming that the third party is the true father. As Superior Court has observed, the doctrine of estoppel in paternity actions is aimed at "achieving fairness as between the parents by holding them, **both** mother and father, to their prior conduct regarding the paternity of the child."

*Freedman v. McCandless*, 654 A.2d 529, 532-533 (Pa. 1995) (citation

omitted). *See also Doran v. Doran*, 820 A.2d 1279, 1283 (Pa.Super.

2003). As was explained, paternity by estoppel:

> is based on the public policy that children should be secure in knowing who their parents are. If a certain person has acted as the parent and bonded with the child, the child should not be required to suffer the potentially damaging trauma that may come from being told that the father he has known all his life is not in fact his father.

*Brinkley*, 701 A.2d at 180. This doctrine has been narrowed to apply "only

where it can be shown, on a developed record, that it is the best interests of

the involved child." *K.E.M. v. P.C.S.*, 38 A.3d 798, 810 (Pa. 2012).

However, importantly, the doctrine of **res judicata** operates to preclude a future suit between identical parties on an identical claim after a final judgment has been rendered on the merits. **Holz v. Holz**, 850 A.2d 751, 757 (Pa.Super. 2004). **See also Dempsey v. Cessna Aircraft Co.**, 653 A.2d 679 (Pa.Super. 1995) (**en banc**). Moreover, the principles of **res judicata** are applicable to paternity. **Scott v. Mershon**, 657 A.2d 1304, 1306 (Pa.Super. 1995).

> The doctrine of res judicata holds that "[a] final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action."
>
> . . . .
>
> Application of the doctrine of res judicata requires that the two actions possess the following common elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties.

**Id.** at 1306 (citations omitted).

Therefore, in the case at bar, we need not even complete our legal analysis as to paternity, nor do we address the trial court's assessment regarding the statute of limitations. Father previously filed a petition to contest/vacate paternity, in the context of the same support matter to which he and Mother are both parties, notably after he was aware of the allegations that he was not the biological father of Child, which was denied by order dated July 12, 2005. Father now appeals from the denial of yet another petition to set aside paternity in the context of the exact same

support action. As such, while we appreciate Father's desire for knowledge regarding Child's paternity, Father's claim is barred by **_res judicata_**.[10]

Accordingly, based on the foregoing analysis, we affirm the trial court's order denying Father's petition to set aside paternity.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016

---

[10] We note Father is not foreclosed from pursuing Child's paternity privately.