J-A27034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANET M. BELCZYK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES VINCENT CUNNINGHAM, III | : | No. 514 WDA 2017 |

Appeal from the Order March 20, 2017
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-04-002083

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 11, 2018**

Janet M. Belczyk ("Belczyk"), *pro se*, appeals from the trial court's Order dismissing her Exceptions to the Hearing Officer's Recommendation ("the Recommendation"), which defined the child support obligations of James Vincent Cunningham, III ("Cunningham"), and entering the Recommendation as a final Order. We affirm.

Belczyk and Cunningham married in April 1989, and they have one biological son, J., who was born in January 2000. In 2002, Belczyk moved to Florida with J., while Cunningham remained in their Pennsylvania home. Belczyk and Cunningham were legally divorced in October 2011.

Following a procedural history that is not relevant to this appeal, on August 17, 2016, Belczyk filed a Petition for Modification of Child Support, seeking an increase for higher costs of medical and dental insurance, and an expected increase in J.'s ice hockey expenses. On January 18, 2017, the

Hearing Officer conducted a hearing on the Petition for Modification. Cunningham, *pro se*, attended the hearing, and Belczyk, *pro se*, participated in the hearing via telephone. An attorney from the Allegheny County Solicitor's Office also participated in the hearing on behalf of J. During the hearing, the parties stipulated to J.'s hockey expenses for 2016. Belczyk testified (but did not provide any documentary evidence) that J. would progress to junior hockey in 2017, and the related expenses were expected to increase to approximately $40,000.

The Hearing Officer issued the Recommendation, dated January 19, 2017, wherein she recommended that (1) the previous support order be terminated, and an overpayment set at $110.43; (2) Belczyk continue to provide J.'s health insurance, and that Cunningham pay for 53% of all unreimbursed medical expenses exceeding $250 annually; (3) Cunningham pay Belczyk $1,409 for his share of the 2016 hockey expenses; and (4) Cunningham contribute 53% of future hockey expenses, with a maximum required contribution of $7,000 annually.

On January 30, 2017, Belczyk, *pro se*, filed Exceptions to the Recommendation. By Order dated March 20, 2017, the trial court entered the Recommendation as a final Order, and dismissed Belczyk's Exceptions, explaining that Belczyk "raised numerous issues and facts that are not relevant to [the support hearing]." Trial Court Order, 3/20/17, at 2; **see also** Trial Court Opinion, 7/20/17, at 3 (noting that the trial court dismissed

the Exceptions because Belczyk failed to specify errors in the Recommendation).

Belczyk filed a timely Notice of Appeal. The trial court subsequently ordered Belczyk to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of errors complained of on appeal. Belczyk did not file a concise statement.[1]

On appeal, Belczyk requests the following forms of relief:

1. Award [] Belczyk and [J.], mother and son, a total of $487,625.00 …, which is the sum [Cunningham] stole from mother and son through various malicious criminal and fraudulent concealment, forgery, theft, identity theft, power of attorney abuse, perjury, deception, concealment, coercion, intimidation and mental cruelty.

2. Removal of [Cunningham's name] from the deed of [the Pennsylvania property].

3. Certificate of [a]nnulment of the marriage between [] Belczyk and [Cunningham,] which never existed as a marital union.

_____

[1] We note that a failure to comply with a trial court's order to file a concise statement generally results in waiver of all issues on appeal. *See Mudge v. Mudge*, 6 A.3d 1031, 1032 (Pa. Super. 2010). However, although the trial court's concise statement Order was entered on the docket, the record is void of notice of service of the Order. *See* Pa.R.C.P. 236(a)(2), (b) (requiring the prothonotary to "give written notice of the entry of any order … to each party's attorney of record or, if unrepresented, to each party" and to "note in the docket the giving of notice"). Accordingly, we decline to deem Belczyk's issues waived on this basis. *See Laws v. Laws*, 758 A.2d 1226, 1228 (Pa. Super. 2000) (declining to find appellant's issues waived for failure to file a concise statement, where there was no evidence in the record that the prothonotary sent notice of the concise statement order).

4. Prosecution of [Cunningham] to the full extent of the law for his crimes as detailed herein.

Brief for Appellant at 1-2 (unnumbered).[2]

Initially, we observe that "[t]he sole issue of [the January 18, 2017] hearing was child support and hockey expenses."  Trial Court Order, 3/20/17, at 2.  In her 100-page brief, Belczyk mentions child support only a handful of times, and only in connection to her assertion that she is entitled to recover a substantial sum of money as a result of Cunningham's alleged fraudulent actions.  However, Belczyk has asserted no error in the trial court's ruling in this matter.  Moreover, our own review of the record reveals no error or abuse of discretion in the trial court's dismissal of Belczyk's Exceptions and adoption of the Recommendation as a final Order.  ***See Sirio v. Sirio***, 951 A.2d 1188, 1192 (Pa. Super. 2008) (stating that "[w]hen evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground.  We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order." (citation omitted)).  Accordingly, Belczyk is not entitled to relief.

Order affirmed.  Applications for Relief denied.


Judgment Entered.

[2]We observe that Belczyk's brief in no way conforms to our Pennsylvania Rules of Appellate Procedure.

- 4 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:  <u>1/11/2018</u>