J-A08041-21

2021 PA Super 126

IN THE INTEREST OF: S.D., A : IN THE SUPERIOR COURT OF
MINOR : PENNSYLVANIA
:
:
:
APPEAL OF: J.D. AND C.T., PARENTS :
:
:
:
:
: No. 2142 EDA 2020

Appeal from the Order Entered October 16, 2020
In the Court of Common Pleas of Monroe County Juvenile Division
at No(s): 6 OCA 2020, CP-45-DP-0000062-2017

IN THE INTEREST OF: L.D., A MINOR : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
APPEAL OF: J.D. AND C.T., PARENTS :
:
:
:
:
:
: No. 2143 EDA 2020

Appeal from the Order Entered October 16, 2020
In the Court of Common Pleas of Monroe County Juvenile Division
at No(s): 5 OCA 2020, CP-45-DP-0000061-2017

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED June 21, 2021**

Appellants, J.D. ("Father") and C.T. ("Mother"), filed these consolidated

appeals from the orders entered October 16, 2020 in the Monroe County Court

of Common Pleas, granting the petition of Children and Youth Services ("CYS"

or "the Agency") to involuntarily terminate Father's and Mother's parental

rights to their minor, dependent daughters, S.D., born in June 2015, and L.D.,

_____

[*] Former Justice specially assigned to the Superior Court.

born in May 2016 (collectively, the "Children"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b). Father and Mother also appeal the trial court's order changing the Children's permanency goal from reunification to adoption. Upon review, we are constrained to quash the appeals due to Father and Mother's failure to comply with the Supreme Court's directive in **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018).

We briefly summarize the facts and the procedural history of this case. The Children and their four older half-siblings (through Mother) came to the attention of CYS in May 2017 as a result of referrals related to general neglect and Mother's substance abuse, as well as law enforcement obtaining a warrant for Father and conducting a raid resulting in Father's and Mother's arrests on May 9, 2017. Notes of Testimony ("N.T."), 8/24/20, at 12-15.

CYS filed dependency petitions and the Children were adjudicated dependent on May 24, 2017.[1] **Id**. at 44. At the time of adjudication, the Children's permanency goals were reunification with Father and Mother. Throughout the three years following the adjudication, the trial court conducted regular permanency review hearings and maintained the Children's placements and goals. On November 6, 2019, the trial court entered an order changing the Children's permanency goal to adoption on the dependency dockets (CP-45-DP-0000061-2017 and CP-45-DP-0000062-2017).

---

[1] While not subject to these appeals, the Children's four half-siblings through Mother were also adjudicated dependent.

On February 11, 2020, CYS filed petitions for the termination of Father's and Mother's parental rights. These petitions were placed on the adoption dockets (5 OCA 2020, 6 OCA 2020). Subsequent to delay due to COVID-19, the trial court conducted hearings on August 24, 2020, September 14, 2020, and September 24, 2020.

On October 16, 2020, the trial court entered separate orders on the adoption docket terminating Father's and Mother's parental rights to S.D. and L.D. pursuant to subsections 2511(a)(1), (2), (5), (8), and (b). On November 12, 2020, Father and Mother jointly filed separate notices of appeal for each termination order, but listed both the adoption and dependency dockets. Father and Mother also filed concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On January 11, 2021, this Court consolidated the appeals *sua sponte*.

On appeal, Father and Mother raise the following issues for our review:

1) Did [CYS] fail to present clear and convincing evidence that termination of biological parents' parental rights met the statutory requirements under 23 [Pa.C.S.A.] § 2511(a)(2), (5), and (8)?

2) Did the [c]ourt make an error of law and abuse its discretion when it determined that terminating biological parents' parental rights would serve the needs and welfare of the child pursuant to 23 Pa.C.S.A. § 2511(b) without clear and convincing evidence?

3) Did CYS fail to prove by clear and convincing evidence that it made reasonable efforts to assist in reunification of L.D. and S.D. with biological parents prior to seeking termination of biological parents' parental rights?

Father's and Mother's Brief at 11 (suggested answers omitted).

As an initial matter, we must address the fact that Father and Mother filed single notices of appeal (pertaining to each child) that listed two separate docket numbers (dependency and adoption). As noted above, the trial court terminated Father's and Mother's parental rights to the Children on the adoption docket and changed the Children's permanency goal from reunification to adoption on the dependency docket.

In June 2018, our Supreme Court filed its decision in **Walker**, disapproving of the practice of filing a single notice of appeal from one or more appealable orders on more than docket number. **See generally Walker**, 646 Pa. 456, 185 A.3d 969. The Court clarified that the 2013 amendment to the official comment to Pa.R.A.P. 341(a) provides a "bright line requirement for future cases … '[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed.'" **Id**. at 468, 185 A.3d at 976 (quoting Pa.R.A.P. 341, Official Note).

In **Walker**, the Commonwealth filed a single notice of appeal from the trial court's order that disposed of four separate suppression motions filed by four defendants at four different docket numbers. The Supreme Court found that "[g]iven the clarification provided by the amendment to the Official Note, the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." **Walker**, 646 Pa. at 469,

185 A.3d at 977. The **Walker** court held that its ruling would apply prospectively to any notice of appeal filed after its June 1, 2018 ruling. **Id**. at 469-70, 185 A.3d at 977.

Thereafter, in an appeal involving the termination of parental rights, this Court interpreted **Walker** to require quashal when an appellant files a single notice of appeal from both the dependency docket and adoption docket as separate notices of appeal are required for discrete challenges to the permanency goal change order and termination order. **In the Matter of M.P.**, 204 A.3d 976, 981 (Pa.Super. 2019).

This Court also has found that the holding in **Walker** is subject to exceptions:

> This Court has declined to quash a defective notice of appeal when the defect resulted from an appellant's acting in accordance with misinformation from the trial court, deeming the situation a breakdown in court operations. **See Commonwealth v. Larkin**, [235 A.3d 350] (Pa.Super. 2020) (*en banc*)[.] In **Larkin**, an appellant filed a *pro se* notice of appeal seeking relief relating to more than one docket after the order informing appellant of his appellate rights provided "Petitioner has [30] days from the date of this order to file an appeal." [**Larkin**, 235 A.3d at 354] (emphasis in original). An *en banc* panel of this Court held that this Court may "overlook the requirements of **Walker** where ... a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." **Id**. ...

**In the Int. of K.M.W.**, 238 A.3d 465, 469 (Pa.Super. 2020) (*en banc*).

In **K.M.W.**, a mother filed a timely single notice of appeal from the decree that both terminated her parental rights on the adoption docket and changed her child's permanency goal to adoption on the dependency docket.

Mother argued that her appeal should not be quashed pursuant to **Walker** as (1) she only intended to appeal the termination on the adoption docket, (2) included both docket numbers to mirror the trial court's caption, and (3) no party suffered prejudice. **Id**. at 469-70.

This Court rejected the mother's claim that she solely intended to challenge the termination order on the adoption docket as she raised an issue on appeal challenging the trial court's goal change on the dependency docket when she argued that CYS had not provided adequate reunification services prior to filing the petition to terminate her parental rights. **Id**.

However, this Court declined to quash the mother's appeal due to a breakdown in court operations that occurred when the trial court informed the mother that she could "seek relief from this Court by filing **a singular appeal** from multiple lower court docket numbers." **Id**. at 470 (emphasis added).

Even though quashal was not necessary due to the breakdown in court processes, the *en banc* panel in **K.M.W.** acknowledged that this Court previously held that in a children's fast track case that, "we should overlook a technical defect in a Notice of Appeal and avoid the 'extreme action of dismissal' when the defect does not prejudice any party." **Id**. at 470 n.2 (quoting **In re K.T.E.L.**, 983 A.2d, 745, 747 (Pa.Super. 2009) (declining to quash appeal when appellant failed to comply with procedural rules requiring an appellant to file a concise statement pursuant to Pa.R.A.P. 1925 along with the notice of appeal)).

Nevertheless, this Court noted in **K.M.W.** that the decision in **Walker**, in requiring quashal of an appeal that fails to comply with Rule 341, did not provide an exception for children's fast track cases. **K.M.W.**, 238 A.3d at 470. This Court asked the Supreme Court to consider creating an exception to the **Walker** holding to excuse a technical violation of Rule 341 in a children's fast track case when the violation "does not prejudice the parties, and does not hamper our ability to review the appeal." **Id**. at 470 n.2.

Here, the factual circumstances are not identical to those in **Walker** as the trial court issued separate goal change orders as to each child listing their dependency docket number and entered termination orders as to each child listing their adoption docket number. **See Walker**, 185 A.3d at 971 ("**where a single order resolves issues arising on more than one docket**, separate notices of appeal must be filed for each case") (emphasis added).

Nevertheless, to the extent that Father and Mother wished to challenge both the termination orders on the adoption docket and the goal change orders on the dependency dockets, they were required to file a notice of appeal from each order for each child. **See** Pa.R.A.P. 341, official comment ("[w]here … **one or more orders resolves issues arising on more than one docket or relating to more than one judgment**, separate notices of appeals must be filed") (emphasis added). Consistent with the holding in **Walker**, the Supreme Court has confirmed, prospective to its June 1, 2018 decision, the filing of a notice of appeal that fails to comply with Rule 341 and its Note shall result in quashal of the appeal. **See Walker**, **supra**.

- 7 -

As such, this Court issued Rules to Show Cause on January 6, 2021 for Father and Mother to clarify the orders being appealed and to demonstrate that they were not appealing two separate orders under one notice of appeal in violation of the official note to Rule 341 and **Walker**. In response, Father and Mother indicated that they only intended to challenge the order that terminated their parental rights, and inclusion of the dependency docket numbers was in error.

However, we note that in their Rule 1925(b) statement and appellate brief, Father and Mother claim CYS failed to show it made reasonable efforts to assist in reunification of the Children with Father and Mother prior to filing the termination petitions. In making this argument, they cite to portions of the Juvenile Act.

As noted in **K.M.W.**, this particular argument challenges the trial court's decision to change the Children's permanency goal on the dependency docket. **K.M.W.**, 238 A.3d at 470. As a result, we reject Father and Mother's claim that they only intended to appeal the lower court's termination order on the adoption docket and not the goal change order on the dependency docket.

In addition, Father and Mother do not claim that the trial court mistakenly directed them to file a single notice of appeal to challenge both the dependency and adoption dockets. In reviewing the record, we find no evidence that Father and Mother were misinformed or misled regarding their appellate rights.

While there are specific rules of criminal procedure (Pa.R.Crim.P. 704, 720) that require the trial court to inform a defendant of his appellate rights, there is no such requirement on a trial court to provide a similar notification to parents concerning their appellate rights after entering an order terminating their parental rights. We decline to impose such a duty on the trial court without applicable authority. Here, the silence of the trial court with respect to giving guidance to the parents as to the procedure for filing appeals does not constitute a breakdown in the court processes. As such, we cannot excuse Father and Mother's non-compliance with Rule 341 and *Walker* due to a breakdown in court processes.

Moreover, consistent with the decisions in *K.M.W.* and *M.P.*, we acknowledge that we have no authority to make an exception in a children's fast track case to the precedent in *Walker* holding that quashal is required when an appellant fails to file separate appeals pursuant to Rule 341. As this Court noted in *M.P.*,

> [w]e recognize the harsh – perhaps draconian – consequence of quashing any appeal, and in particular an appeal involving a party's parental rights. However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." *Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 801 (Pa.Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." *Commonwealth v. Montini*, 712 A.2d 761, 769 (Pa.Super. 1998).

*M.P.*, 204 A.3d at 981, n. 2.

While Father and Mother filed a single notice of appeal to challenge distinct rulings on two separate trial court docket numbers, they were required to file separate notices of appeal for each docket. Father and Mother filed their notices of appeal well after **Walker** and **M.P.** were issued. The decisions in **Walker** and **M.P.** are controlling precedent, and thus, we are constrained to quash these appeals.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2021