J-S18031-21
J-S18032-21
J-S18033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: B.G.J. A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.S.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2263 EDA 2020 |

Appeal from the Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000868-2019,
CP-51-DP-0001598-2018

| | | |
|---|---|---|
| IN THE INTEREST OF: B.G.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.S.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 258 EDA 2021 |

Appeal from the Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000868-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: B.G.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.S.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 259 EDA 2021 |

Appeal from the Order Entered October 29, 2020

J-S18031-21
J-S18032-21
J-S18033-21

In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001598-2018

| | | |
|---|---|---|
| IN THE INTEREST OF: B.G.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: B.N.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2264 EDA 2020 |

Appeal from the Order Entered October 29, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000868-2018

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                          **FILED OCTOBER 29, 2021**

Appellants, M.S.J. ("Mother") and B.N.S. ("Father"), appeal from the decrees and orders entered on October 29, 2020, in the Philadelphia County Court of Common Pleas, granting the petitions filed by the Philadelphia Department of Human Services ("DHS") and involuntarily terminating their parental rights to their minor, female child, B.G.J.,[1] born in June 2018 ("Child"), pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b), and changing Child's permanency goal from reunification to

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Child was formerly known as A.J.

- 2 -

adoption, pursuant to the Juvenile Act, 42 Pa.C.S. § 6351.[2]  Upon review, we quash the *pro se* appeals filed by Mother and Father, respectively, at Docket Nos. 2263 and 2264 EDA 2020, for lack of jurisdiction; dismiss as moot Mother's motion to consolidate her *pro se* appeal with the consolidated appeals that her counsel filed on her behalf at Docket Nos. 258 and 259 EDA 2021; and quash Mother's counseled appeals at Docket Nos. 258 and 259 EDA 2021 as untimely and duplicative.

We briefly summarize the facts and procedural history of this case.  At the time of Child's birth, Child came to the attention of DHS because of the hospital's concerns regarding Mother and Father.  N.T., 10/29/20, at 22-23.  Specifically, Mother refused a Caesarean-section, and Child was born and remained unresponsive for a few minutes.  *Id.* at 41.  Mother and Father then refused a cooling procedure for Child, despite the doctors' insistence, and, as a result, Child spent a week in the intensive care unit for newborns.  *Id.* at 41-43.  Mother also attempted to sneak Child out of the hospital after her birth.  *Id.* at 44-45.  DHS provided Mother and Father single case plans.  *Id.* at 23 and 32.  Mother's and Father's compliance with their plans was minimal.  *Id.* at 29 and 34.  Neither Mother nor Father participated in Child's early intervention services.  *Id.*  Child was placed in foster care soon after her birth

---

[2] We have addressed Mother's and Father's appeals in one Memorandum for ease of disposition.  We note that Mother attached to her notice of appeal the termination decree relating to the termination of Father's parental rights, and not the termination decree relating to the termination of her parental rights.

and she has remained in the same foster care placement, where she is doing well developmentally. *Id.* at 36. Her relationship with her foster mother is "positive." *Id.* The Community Umbrella Agency ("CUA") case manager testified that she did not believe Child would suffer irreparable harm if Mother's and Father's rights were terminated. *Id.* at 37-38.

On July 9, 2018, the trial court adjudicated Child dependent, and established Child's permanency goal as reunification with Mother and Father. The trial court conducted regular permanency review hearings and maintained Child's placement and goal.

On November 26, 2019, DHS filed a petition for the termination of Mother's and Father's parental rights. On October 29, 2020, the trial court held a hearing on goal change and the termination petitions. At the hearing, Attorney Robin Winthrop Banister represented Mother, and Attorney Lindsay Palmer Demas represented Father. The Support Center for Child Advocates represented Child as her guardian *ad litem* ("GAL") and legal interest counsel. At the conclusion of the hearing on October 29, 2020, the trial court entered separate decrees on the Family Court, Juvenile Division, docket involuntarily terminating Mother's and Father's parental rights (Trial Court Docket No. CP-51-AP-0000868-2019). On that same date, the trial court also entered an order changing Child's permanency goal to adoption on the Family Court, Juvenile Division, docket (CP-51-DP-0001598-2018).

J-S18031-21
J-S18032-21
J-S18033-21

## MOTHER'S APPEALS (DOCKET NOS. 2263 EDA 2020, 258 EDA 2021 AND 259 EDA 2021)

Mother, although she was still represented by Attorney Banister, on November 25, 2020, acting *pro se*, timely filed a single notice of appeal from both the termination decree and goal change order, noting both trial court docket numbers for the termination matter (CP-51-AP-0000868-2019) and the goal change matter (CP-51-DP-0001598-2018), and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). Mother attached to her notice of appeal the decree that terminated Father's parental rights and did not attach the decree that terminated her parental rights.

On November 25, 2020, this Court entered Mother's *pro se* notice of appeal on our docket, however, and assigned her appeal docket number 2263 EDA 2020, as required by our case law.[3]

_____

[3] Our Supreme Court has stated that individuals have "no constitutional right to hybrid representation either at trial or on appeal . . . ." **Commonwealth v. Ellis**, 626 A.2d 1137, 1339 (Pa. 1993); **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011) (emphasizing that hybrid representation is forbidden on appeal). Our Supreme Court has instructed that the *pro se* filing of a counseled defendant is "a legal nullity." **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (stating that, while hybrid representation is generally not permitted on appeal, this Court is required to docket a *pro se* notice of appeal "even in instances where the *pro se* appellant
*(Footnote Continued Next Page)*

- 5 -

J-S18031-21
J-S18032-21
J-S18033-21

On December 31, 2020, Attorney Banister filed a motion for supersedeas requesting that we permit Mother to have visitation with Child during the pendency of the appeal. On January 21, 2021, we denied the motion for supersedeas.

In the meantime, on January 8, 2021, we entered an order directing Attorney Banister to file an amended concise statement on or before January 19, 2021. On January 17, 2021, Attorney Banister filed a typed amended

_____

was represented by counsel in the trial court.") (emphasis and internal brackets omitted) (citation omitted).

Further, in *S.C.B. v. J.S.B.*, 218 A.3d 905, 911 n.4 (Pa. Super. 2019), this Court stated:

> . . . As a general matter, our courts prohibit *pro se* filings by represented appellants, and we treat those filings as legal nullities. *See Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282, 293 (Pa. 2010). However, *pro se* notices of appeal are an exception to this rule. In *Commonwealth v. Cooper*, 611 Pa. 437, 27 A.2d 944 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal, filed while Cooper was represented by counsel, was not a legal nullity, but was simply "premature." More recently, this Court observed that *pro se* notices of appeal filed by represented appellants are distinguishable from other forms of hybrid representation, because they protect the appellants' right to appeal as set forth in the Pennsylvania Constitution. *Commonwealth v. Williams*, 2016 PA Super 262, 151 A.3d 621, 624 (Pa. Super. 2016) ("Because a notice of appeal protects a constitutional right, it is distinguishable from other filings . . . . We thus hold that this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel[.]"). Therefore, we do not treat Mother's *pro se* notice of appeal as a legal nullity.

*Id.* at 911 n.4.

- 6 -

concise statement at Docket No. 2363 EDA 2020, listing only the termination case, CP-51-AP-0000868-2019, and raising four issues, all relating to the termination decree regarding Mother. *Cf. Mudge v. Mudge,* 6 A.3d 1031 (Pa. Super. 2011) and *J.M.R. v. J.M.*, 1 A.3d 902 (Pa. Super. 2010) (stating that a failure to file a Rule 1925(b) statement of errors complained of on appeal, when ordered by the Superior Court, will result in a waiver of all issues on appeal).

On January 20, 2021, this Court entered a rule to show cause order stating that Mother had filed only one notice of appeal from both the termination decree and the goal change order, and that the amended concise statement addressed only issues regarding the termination of Mother's parental rights, and, thus, this Court was requesting a response as to why we should not quash the appeal pursuant to *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (requiring a separate notice of appeal for each order on appeal).

On January 29, 2021, Attorney Banister filed a notice of appeal from the October 29, 2020 termination decree regarding Mother. She attached to the notice of appeal Mother's *pro se* concise statement listing only CP-51-AP-0000868-2019 (the termination matter), and attached the October 29, 2020 termination decree regarding Mother. We assigned this counseled notice of appeal from the termination decree regarding Mother our Docket No. 258 EDA

2021. On that same date, Attorney Banister also filed a notice of appeal from the October 29, 2020 goal change order. She attached Mother's *pro se* concise statement, listing only CP-51-DP-0001598-2018 (the goal change matter), and attached the October 29, 2020 termination decree regarding Mother instead of the goal change order. We assigned this counseled notice of appeal Docket No. 259 EDA 2021. Also on January 29, 2021, Attorney Banister filed a response to our rule to show cause, stating that she had filed a corrected notice of appeal with a concise statement for the termination decree (Docket No. 258 EDA 2021), and a separate notice of appeal from the goal change order (Docket No. 259 EDA 2021), and requesting that we not quash the appeal.

On March 17, 2021, at Docket Nos. 258 EDA 2021 and 259 EDA 2021, Attorney Banister filed a motion to withdraw as counsel. On that same date, this Court denied the motion, without prejudice for counsel to file a request for relief in the trial court. Also on March 17, 2021, acting *sua sponte*, this Court consolidated the appeals at Docket Nos. 258 and 259 EDA 2021.

On April 13, 2020, we remanded the matter to the trial court, retaining our jurisdiction, for the trial court to determine whether Attorney Banister had abandoned Mother by failing to file a brief on Mother's behalf. On April 15, 2021, Mother filed a motion to consolidate the appeal at Docket No. 2263 EDA 2020 with the appeal at Docket No. 259 EDA 2021, asserting that the appeal

at Docket No. 259 was a new number that replaced the appeal at Docket No. 2263. This Court did not rule on Mother's motion; we did not consolidate Mother's *pro se* notice of appeal with her consolidated counseled appeals. Thus, we listed Mother's appeals, counseled and *pro se*, to be decided consecutively.

In the meantime, on April 19, 2021, the trial court, after a hearing, determined that Attorney Banister had not abandoned Mother, and directed Attorney Banister to file a brief on behalf of Mother by close of business on May 3, 2021. Subsequently, Attorney Banister filed the brief and proofs of service indicating that she timely filed the brief on May 3, 2021.

## FATHER'S APPEAL (DOCKET NO. 2264 EDA 2020)

Father, although still represented by Attorney Palmer Demas, on November 30, 2020, acting *pro se*, timely[4] filed a single notice of appeal from both the October 29, 2020 termination decree relating to him, and the October 29, 2020 permanency goal change order. We docketed this appeal at our Docket No. 2264 EDA 2020, per **Williams**. **See** note 3, **supra**. Father failed to accompany his notice of appeal with a concise statement, however. On December 28, 2020, this Court directed Father's counsel, Attorney Palmer Demas, to file a concise statement by January 4, 2021. On January 4, 2021, Father's counsel, Attorney Palmer Demas, filed a single notice of appeal, which

_____

[4] **See** 1 Pa.C.S. § 1908 (regarding computation of time).

- 9 -

we assigned Docket No. 106 EDA 2021, from both the termination decree relating to Father and the goal change order, attaching both the decree and the order, and a concise statement raising both the termination decree and the goal change order.

On January 7, 2021, this Court entered a second order directing Attorney Palmer Demas to file an amended concise statement at appeal Docket No. 2264 EDA 2020 by January 14, 2021. On January 12, 2021, Attorney Palmer Demas filed an amended concise statement at each trial court docket number, and, in the concise statement, challenging both the termination and goal change. **Cf. Mudge v. Mudge,** 6 A.3d 1031 (Pa. Super. 2011) and **J.M.R. v. J.M.**, 1 A.3d 902 (Pa. Super. 2010) (stating that failure to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, when ordered by the Superior Court, will result in a waiver of all issues on appeal).

Subsequently, on March 22, 2021, upon the failure of Father's counsel to respond to our rule to show cause, this Court, acting *sua sponte*, dismissed Father's counseled appeal at No. 106 EDA EDA 2021 as untimely and duplicative of his appeal at No. 2264 EDA 2020.[5]

## QUASHAL FOR LACK OF COMPLIANCE WITH *WALKER*

_____

[5] We note that the proper terminology would have been quashed as untimely and duplicative. **See Sahutsky v. H.H. Knoebel Sons**, 566 Pa. 593, 601 n.3, 782 A.2d 996, 1001 n.3 (2001)) (explaining that the proper term when an appeal is untimely and this Court lacks jurisdiction is quashal, and not dismissal).

Recently, in ***In the Interest of S.D.***, 2021 WL 2521629, 2021 PA Super 126, ___ A.3d. ___, (Pa. Super. 2021) (filed June 21, 2021), we addressed a situation in which the trial court terminated the father's and mother's parental rights to their children on the adoption docket and changed the children's permanency goal from reunification to adoption on the dependency docket. The father and mother filed single notices of appeal as to each child that listed two separate docket numbers, both the dependency and adoption docket numbers. In ***S.D.***, we stated:

> In June 2018, our Supreme Court filed its decision in ***Walker*** disapproving of the practice of filing a single notice of appeal from one or more appealable orders on more than [one] docket number. ***See generally Walker***, 646 Pa. 456, 185 A.3d 969 [(2018)]. The Court clarified that the 2013 amendment to the official comment to Pa.R.A.P. 341(a) provides a "bright line requirement for future cases . . . '[w]here ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed.'" ***Id.*** at 468, 185 A.3d at 976 (quoting Pa.R.A.P. 341, Official Note).
>
> In ***Walker***, the Commonwealth filed a single notice of appeal from the trial court's order that disposed of four separate suppression motions filed by four defendants at four different docket numbers. The Supreme Court found that "[g]iven the clarification provided by the amendment to the Official Note, the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Walker***, 646 Pa. at 469, 185 A.3d at 977. The ***Walker*** court held that its ruling would apply prospectively to any notice of appeal filed after its June 1, 2018 ruling. ***Id.*** at 469-70, 185 A.3d at 977

- 11 -

Thereafter, in an appeal involving the termination of parental rights, this Court interpreted **Walker** to require quashal when an appellant files a single notice of appeal from both the dependency docket and adoption docket as separate notices of appeal are required for discrete challenges to the permanency goal change order and termination order. **In the Matter of M.P.**, 204 A.3d 976, 981 (Pa. Super. 2019).

This Court also has found that the holding in **Walker** is subject to exceptions:

> This Court has declined to quash a defective notice of appeal when the defect resulted from an appellant's acting in accordance with misinformation from the trial court, deeming the situation a breakdown in court operations. **See Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*)[.] In **Larkin**, an appellant filed a *pro se* notice of appeal seeking relief relating to more than one docket after the order informing appellant of his appellate rights provided "Petitioner has [30] days from the date of this order to file an appeal." [**Larkin**, 235 A.3d at 354] (emphasis in original). An *en banc* panel of this Court held that this Court may "overlook the requirements of **Walker** where . . . a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." **Id.** . . .

**In the Int. of K.M.W.**, 238 A.3d 465, 469 (Pa. Super. 2020) (*en banc*).

In **K.M.W.**, a mother filed a timely single notice of appeal from the decree that both terminated her parental rights on the adoption docket and changed her child's permanency goal to adoption on the dependency docket. [The m]other argued that her appeal should not be quashed pursuant to **Walker** as (1) she only intended to appeal the termination on the adoption docket, (2) included both docket numbers to mirror the trial court's caption, and (3) no party suffered prejudice. **Id.** at 469-70.

This Court rejected the mother's claim that she solely intended to challenge the termination order on the adoption docket as she raised an issue on appeal challenging the trial

court's goal change on the dependency docket when she argued that CYS had not provided adequate reunification services prior to filing the petition to terminate her parental rights. *Id.*

However, this Court declined to quash the mother's appeal due to a breakdown in court operations that occurred when the trial court informed the mother that she could "seek relief from this Court by filing *a singular appeal* from multiple lower court docket numbers." *Id.* at 470 (emphasis added).

Even though quashal was not necessary due to the breakdown in court processes, the *en banc* panel in *K.M.W.* acknowledged that this Court previously held that in a children's fast track case that, "we should overlook a technical defect in a Notice of Appeal and avoid the 'extreme action of dismissal' when the defect does not prejudice any party." *Id.* at 470 n.2 (quoting *In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (declining to quash appeal when appellant failed to comply with procedural rules requiring an appellant to file a concise statement pursuant to Pa.R.A.P. 1925 along with the notice of appeal)).

Nevertheless, this Court noted in *K.M.W.* that the decision in *Walker*, in requiring quashal of an appeal that fails to comply with Rule 341, did not provide an exception for children's fast track cases. *K.M.W.*, 238 A.3d at 470. This Court asked the Supreme Court to consider creating an exception to the *Walker* holding to excuse a technical violation of Rule 341 in a children's fast track case when the violation "does not prejudice the parties, and does not hamper our ability to review the appeal." *Id.* at 470 n.2.

Here, the factual circumstances are not identical to those in *Walker* as the trial court issued separate goal change orders as to each child listing their dependency docket number and entered termination orders as to each child listing their adoption docket number. *See Walker*, 185 A.3d at 971 ("**where a single order resolves issues arising on more than one docket,** separate notices of appeal must be filed for each case") (emphasis added).

Nevertheless, to the extent that Father and Mother wished to challenge both the termination orders on the adoption docket and the goal change orders on the dependency dockets, they were

required to file a notice of appeal from each order for each child. **See** Pa.R.A.P. 341, official comment ("[w]here . . . **one or more orders resolves issues arising on more than one docket or relating to more than one judgment**, separate notices of appeals must be filed") (emphasis added).  Consistent with the holding in **Walker**, the Supreme Court has confirmed, prospective to its June 1, 2018 decision, the filing of a notice of appeal that fails to comply with Rule 341 and its Note shall result in quashal of the appeal.  **See Walker**, **supra**.

As such, this Court issued Rules to Show Cause on January 6, 2021 for Father and Mother to clarify the orders being appealed and to demonstrate that they were not appealing two separate orders under one notice of appeal in violation of the official note to Rule 341 and **Walker**.  In response, Father and Mother indicated that they only intended to challenge the order that terminated their parental rights, and inclusion of the dependency docket numbers was in error.

However, we note that in their Rule 1925(b) statement and appellate brief, Father and Mother claim CYS failed to show it made reasonable efforts to assist in reunification of the Children with Father and Mother prior to filing the termination petitions.  In making this argument, they cite to portions of the Juvenile Act.

As noted in **K.M.W.**, this particular argument challenges the trial court's decision to change the Children's permanency goal on the dependency docket.  **K.M.W.**, 238 A.3d at 470.  As a result, we reject Father['s] and Mother's claim that they only intended to appeal the lower court's termination order on the adoption docket and not the goal change order on the dependency docket.

In addition, Father and Mother do not claim that the trial court mistakenly directed them to file a single notice of appeal to challenge both the dependency and adoption dockets.  In reviewing the record, we find no evidence that Father and Mother were misinformed or misled regarding their appellate rights.

While there are specific rules of criminal procedure (Pa.R.Crim.P. 704, 720) that require the trial court to inform a defendant of his appellate rights, there is no such requirement on a trial court to provide a similar notification to parents concerning

- 14 -

their appellate rights after entering an order terminating their parental rights. We decline to impose such a duty on the trial court without applicable authority. Here, the silence of the trial court with respect to giving guidance to the parents as to the procedure for filing appeals does not constitute a breakdown in the court processes. As such, we cannot excuse Father['s] and Mother's non-compliance with Rule 341 and **Walker** due to a breakdown in court processes.

Moreover, consistent with the decisions in **K.M.W.** and **M.P.**, we acknowledge that we have no authority to make an exception in a children's fast track case to the precedent in **Walker** holding that quashal is required when an appellant fails to file separate appeals pursuant to Rule 341. As this Court noted in **M.P.**,

> [w]e recognize the harsh – perhaps draconian – consequence of quashing any appeal, and in particular an appeal involving a party's parental rights. However, our role as an intermediate appellate court is clear. "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." **Moses v. T.N.T. Red Star Exp.**, 725 A.2d 792, 801 (Pa. Super. 1999). It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." **Commonwealth v. Montini**, 712 A.2d 761, 769 (Pa. Super. 1998).
> **M.P.**, 204 A.3d at 981, n.2.

While Father and Mother filed a single notice of appeal to challenge distinct rulings on two separate trial court docket numbers, they were required to file separate notices of appeal for each docket. Father and Mother filed their notices of appeal well after **Walker** and **M.P.** were issued. The decisions in **Walker** and **M.P.** are controlling precedent, and thus, we are constrained to quash these appeals.

**S.D.**, ___ A.3d at ___; 2021 WL 2521629, 2021 PA Super 126.

- 15 -

J-S18031-21
J-S18032-21
J-S18033-21

Here, as in **S.D.**, Mother and Father each filed a single notice of appeal to challenge distinct rulings, a termination decree and a permanency goal change order, on two separate trial court docket numbers. They were required to file separate notices of appeal for each docket. Additionally, as in **S.D.**, Mother and Father do not claim that the trial court mistakenly directed them to file a single notice of appeal to challenge both the dependency and adoption dockets. After our review of the record, we do not find anything that would suggest that the trial court misinformed or misled Mother and/or Father regarding their appellate rights. As in **S.D.**, Mother and Father filed their notices of appeal well after the decisions in **Walker** and **M.P.** were filed. The decisions in **Walker** and **M.P.** are controlling precedent. Thus, based on this Court's holding in **S.D.**, we find we are constrained to quash Mother's and Father's appeals for lack of compliance with **Walker**.

## MOTHER'S MOTION TO CONSOLIDATE APPEALS AT DOCKET NOS. 2263 EDA 2020 AND 259 EDA 2021

Next, we consider Mother's motion to consolidate her *pro se* appeal at Docket No. 2263 EDA 2020 with her counseled appeals at Docket Nos. 258 and 259 EDA 2021. As we have quashed the appeal at Docket No. 2263, *supra*, we find the motion is moot. However, we would find that, because Counsel Banister untimely filed the appeals on behalf of Mother, for the following reasons, we are constrained to dismiss those appeals, and could not consolidate them with the appeal at Docket No. 2263 EDA 2020 in any event.

- 16 -

Although Attorney Banister attempted to file two separate notices of appeal for Mother, one from the termination decree and one from the permanency goal change order, in response to this Court's direction to file a concise statement, since that action came after Mother had filed her notice of appeal and after the time for filing a notice of appeal had run, we did not mislead Attorney Banister to file late appeals on behalf of Mother. Rather, our January 20, 2021 rule to show cause directed Attorney Banister to file a response showing cause why we should not quash Mother's appeal pursuant to **Walker**. Attorney Banister responded by filing, on January 29, 2021, the separate notices of appeal from the October 29, 2020 termination decree regarding Mother and the October 29, 2020 permanency goal change order. Attorney Banister's counseled appeals were untimely filed.

Pursuant to Pennsylvania Rule of Appellate Procedure 903, "the notice of appeal required by Rule 902 . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). We have stated:

> Additionally, this court can raise jurisdictional issues *sua sponte.* **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001). An appellant must file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This court "may not enlarge the time for filing a notice of appeal. . . ." Pa.R.A.P. 105(b). Absent a breakdown in the operations of the court, "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002), *appeal denied*, 578 Pa. 716, 854 A.2d 967 (2004)

- 17 -

(internal citations omitted). **See also Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*).

**Commonwealth v. Valentine**, 928 A.2d 346, 349 (Pa. Super. 2007). The thirty-day appeal period is jurisdictional in nature, and an untimely appeal divests this Court of jurisdiction. **In re J.M.P.**, 863 A.2d 17, 19 (Pa. Super. 2004). **See also In re: K.P.**, 872 A.2d 1227, 1230 (Pa. Super. 2005) (stating that the appellate jurisdiction of this Court is invoked when the appellant files an appeal within thirty days after the entry of the appealable order). Hence, this Court has no jurisdiction to excuse a failure to file a timely notice of appeal. **In re Greist**, 636 A.2d 193, 193-194 (Pa. Super. 1994). We are not empowered to extend the thirty-day appeal period. **See** Pa.R.A.P. 105(b).

Thus, just as this Court dismissed Father's counseled appeal at No. 106 EDA as untimely and duplicative, we must quash Mother's counseled appeals, which we previously consolidated, as untimely and duplicative.[6] Accordingly, although Mother's motion to consolidate her *pro se* appeal with her consolidated, counseled appeals is moot, we are constrained to dismiss those appeals because Counsel Banister untimely filed the appeals on behalf of Mother, and they are duplicative of Mother's *pro se* appeal. We could not have

---

[6] **See** note 5, **supra**, (citing **Sahutsky**, 566 Pa. at 601 n.3, 782 A.2d at 1001 n.3 (explaining that the proper term when there is a lack of jurisdiction is quashal and not dismissal).

consolidated the two counseled appeals with the *pro se* appeal at Docket No. 2263 EDA 2020 in any event.

For the reasons set forth above, we are constrained to quash Mother's and Father's *pro se* appeals, respectively, at Docket Nos. 2263 and 2264 EDA 2020 under **Walker**; and we dismiss as moot Mother's motion to consolidate her appeals. Further, we quash Mother's counseled appeals at Docket Nos. 258 and 259 EDA 2021 as untimely and duplicative of Mother's *pro se* appeal at Docket No. 2263 EDA 2020.

Appeals at Docket Nos. 2263 EDA and 2264 EDA 2020 quashed; Mother's motion to consolidate appeals dismissed as moot; appeals at Docket Nos. 258 and 259 EDA 2021 quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2021