J-S04003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.C.A.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: R.W., FATHER | : | |
| _____ | : | |
| IN THE INTEREST OF: S.W., A MINOR | : | |
| APPEAL OF: R.W., FATHER | : | |
| | : | No. 1969 EDA 2021 |
| | : | |

Appeal from the Decree Entered September 10, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000253-2021,
CP-51-DP-0001289-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: S.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: R.W., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2128 EDA 2021 |

Appeal from the Order Entered September 10, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001289-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: S.C.A.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: R.W., FATHER | : | |
| | : | |
| | : | |
| | : | No. 2129 EDA 2021 |

Appeal from the Decree Entered September 10, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000253-2021

J-S04003-22

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 11, 2022**

R.W. (Father) appeals from the decree and the order, both entered on September 10, 2021, that granted the petitions filed by the Philadelphia Department of Human Services (DHS) to terminate Father's parental rights and to change the permanency goal from reunification to adoption for S.W. (Child),[1] born in July of 2019.  After review, we remand for proceedings consistent with this decision.

Before we are permitted to address any issues raised in these appeals, we must determine if waiver has occurred under ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).  On October 7, 2021, Father's counsel filed a single notice of appeal from the goal change order entered on the dependency trial court's docket at number CP-51-DP-0001289-2019, and from the termination decree entered on the adoption trial court's docket at number CP-51-AP-0000253-2021.  This Court issued a Rule to Show Cause, which requested a response from Father's counsel relating to the failure to comply with ***Walker***, 185 A.3d at 977 (quashing single notice of appeal taken from separate trial court docket numbers), and ***In the Interest of S.D. and L.D.***, 257 A.3d 746 (Pa. Super. 2021) (quashing appeal from a single notice of appeal taken from a goal change order entered in the dependency trial court docket number and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Child is also identified as S.C.A.W.

- 2 -

a termination of parental rights decree entered in the adoption trial court docket and there was no breakdown in the trial court).[2]  Following counsel's response, this Court discharged the Rule to Show Cause order.

On October 20, 2021, Father's counsel filed two untimely appeals from the September 10, 2021 decree and order.  Each of these appeals were docketed separately in this Court at 2128 EDA 2021 and 2129 EDA 2021 and listed only one trial court docket number in its caption.  However, on October 30, 2021, counsel filed separate applications to withdraw those two appeals, which this Court ordered be deferred to the merits panel by order dated November 16, 2021.  Meanwhile, on November 6, 2021, Father's counsel filed an Application for Non-Quashal at 1969 EDA 2021, which this Court also ordered be deferred to the merits panel.  Lastly, on December 10, 2021, this Court ordered that the above-captioned cases be consolidated.

We now must determine whether to grant or deny the request to withdraw the two untimely appeals and whether to grant or deny the request to not quash the original appeal.  To begin, we grant the request to withdraw the untimely appeals because, simply stated, they are untimely.  Specifically, Pa.R.A.P. 903(a) requires that a notice of appeal "shall be filed within 30 days

---

[2] The Rule to Show Cause order also mentioned that the September 10th order did not direct a goal change; rather, it indicated that the current placement goal for Child was adoption.  However, on October 18, 2021, the trial court entered an amended order, changing the Child's goal to adoption, having recognized that the September 10th order incorrectly indicated that the current goal at that point was already adoption.

after the entry of the order from which the appeal is taken[,]" unless special provisions apply, which in this situation, they do not.

With regard to the request to not quash the initial appeal, we must examine opinions that apply the **Walker** rule to termination of parental rights cases and goal change cases. A recent decision issued by this Court involved a mother who filed a single notice of appeal from two separate orders. The opinion explained that the orders consisted of:

> a decree terminating her parental rights on the adoption docket and an order changing [the child's] permanency goal on the dependency docket. [The m]other filed this notice of appeal solely at the adoption docket but purported to appeal from both dispositions, as evidenced by her inclusion of both dockets on the notice and challenging both orders in her concise statement.

**In the Interest of: A.J.R.O.**, --- A.3d. ---, 1238 EDA 2021, at *2 (Pa. Super. filed Feb. 8, 2022). The **A.J.R.O.** opinion further stated that:

> In **Walker**, the Pennsylvania Supreme Court mandated "that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed[ and t]he failure to do so will result in quashal of the appeal." **Walker**, **supra** at 977. [The m]other responded, asking this Court to strike the goal change portion of her appeal. Alternatively, she argued quashal was unnecessary pursuant to **Always Busy Consulting, LLC v. Babford & Company, Inc.**, … 247 A.3d 1033 ([Pa.] 2021), because the termination and goal change dockets were "consolidated."

**Id.** The **A.J.R.O.** opinion also explained that "[t]his Court has since extended **Walker** to require quashal when an appellant files a single notice of appeal from both the dependency docket and adoption docket as separate notices of appeal are required for discrete challenges to the permanency goal change

order and termination order.'" **S.D.**, 257 A.3d at 749 (citing **In the Matter of M.P.**, 204 A.3d 976, 981 (Pa. Super. 2019)).

However, the **A.J.R.O.** opinion indicated that this Court must also consider Rule 902, which states in pertinent part:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902.  In **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), our Supreme Court explained that "[i]n the event of a defective notice of appeal, Rule 902 encourages, though it does not require, appellate courts to remand the matter to the lower court so that the procedural defect may be remedied." **Id.** at 477 (quoting **Commowealth v. Williams**, 106 A.3d 583, 588 (Pa. 2014)).

Thus, based upon our review, we conclude that a remand is necessary in this case.  In the application for non-quashal, Father's counsel explains that initially she electronically filed two timely notices of appeal, one for each common pleas court docket number, but that the system only generated one EDA number rather than the two numbers that should have been generated. Thus, counsel asserts that a breakdown in the court's operations occurred because the system did not automatically generate two separate EDA case numbers.  In light of this contention, Rule 902, and **Young**, we conclude it is

appropriate to remand this matter to the trial court to permit counsel to file separate notices of appeal from the decree terminating Father's parental rights and the order changing Child's goal to adoption. Father shall file these notices of appeal within 14 days of the date of this decision.[3]

For the reasons stated above, we remand this matter for proceedings consistent with this decision.

Case remanded. Jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2022

---

[3] Despite our decision to remand the matter here, we mention our confusion as to some of the statements made in counsel's application for non-quashal, the most blatant of which misstates that the Supreme Court's filing of the *Walker* opinion occurred on October 29, 2021, while it actually was issued in 2018.