J-A08010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADOPTION OF: Z.K.S.I., U.Z.M.I., AND E.K.I., JR. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: B.S., MOTHER | : : : : : : | |
| | : | No. 1114 WDA 2021 |

Appeal from the Decree Entered August 27, 2021
In the Court of Common Pleas of Cambria County Orphans' Court at
No(s):  No. 2020-720 IVT,
No. 2020-721 IVT, No. 2020-722 IVT

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: MAY 03, 2022**

B.S. ("Mother") appeals from the decree entered on August 27, 2021, that granted the petitions filed by the Cambria County Children and Youth Services ("CYS") to involuntarily terminate her parental rights to three children, twins Z.K.S.I. and U.Z.M.I. (born in December of 2019) and E.K.I., Jr. (born in June of 2016) ("Children").[1]  After review, we quash Mother's appeal.

Before we are permitted to address any issues raised by Mother in her appeal, we must determine if waiver has occurred under ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).  We note that on October 6, 2021, this

---

[1] The parental rights of Children's father, Z.K.S.I., Sr. ("Father"), were also terminated.  Father has filed an appeal to this Court.  ***See*** 1150, 1151 and 1152 WDA 2021.

Court issued a Rule to Show Cause, which directed that Mother file a response within ten days relating to her failure to comply with *Walker*, 185 A.3d at 977 (quashing a single notice of appeal taken from separate trial court docket numbers) and its progeny. The Rule to Show Cause also provided that Pa.R.A.P. 341(a) and its Note require the filing of separate notices of appeal. Specifically, in the Note to Rule 341(a), the official comment states that "[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed." However, this Court "may overlook the requirements of *Walker* where a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." *In the Interest of A.J.R.O.*, 270 A.3d 563, ___ n.9 (Pa. Super. 2022) (quoting *In the Interest of S.D.*, 257 A.3d 746, 750 (Pa. Super. 2021)). Moreover, this Court must also consider Pa.R.A.P. 902, which states in pertinent part:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Despite the fact that no response was provided by Mother's counsel, the Rule to Show Cause order was discharged indicating that the issue may be revisited by the merits panel. Thus, a final determination as to the propriety of Mother's appeal is now before this panel.

As noted above, no response to the Rule to Show Cause was submitted to this Court and Mother's brief contains nothing relating to the application of the **Walker** rule. Thus, we are unaware if Mother had a reason for failing to comply with **Walker**. Additionally, we recognize that although Pa.R.Crim P. 704 and 702 "require the trial court to inform a [criminal] defendant of his appellate rights, there is no such requirement on a trial court to provide a similar notification to parents concerning their appellate rights after entering an order terminating their parental rights." **Interest of S.D.**, 257 A.3d at 751. Nothing in the record evinces that Mother was misinformed or misled as to her appellate rights. **Id.** This Court in **S.D.** stated that,

> the silence of the trial court with respect to giving guidance to the parents as to the procedure for filing appeals does not constitute a breakdown in the court processes. As such, we cannot excuse [f]ather and [m]other's non-compliance with Rule 341 and **Walker** due to a breakdown in court processes.

**Id.** We likewise cannot excuse Mother's non-compliance with Rule 341 and **Walker** since no breakdown in the court's processes occurred that could be corrected by way of a remand. Lastly, we recognize that due to Mother's failure to respond to this Court's Rule to Show Cause, this matter is distinguishable from **Commonwealth v. Young**, 265 A.3d 462, 467 (Pa. 2021), wherein the Commonwealth requested leave to correct the procedural defect by asking permission to file separate notices of appeal for each docket number. No such request was forthcoming in the instant case.

Accordingly, we conclude, under the present circumstances, that Mother's appeal should be quashed because she does not explain why she did not comply with **Walker** and Rule 341, *i.e.*, there was no breakdown in the court process. Therefore, we must follow the holding in **Walker** that requires quashal.

Appeal quashed.

Judge Lazarus joins this memorandum.

Judge McCaffery joins and files a concurring statement in which President Judge Emeritus Bender and Judge Lazarus join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/03/2022